The Ciiiee Justice delivered the opinion of the court.
*Judgment having been obtained by Fenton against [*9‘ Sheppard and Williams, before a justice of the peace of the county of Cumberland in a plea of debt. Sheppard appealed to the Court of Common Pleas in the name of himself and Williams, who had appeared but made no defence on the trial before the justice, and did not join in the appeal. Tho Court of Common Pleas “being of opinion that although one of the defendants made no defence, the other defendant could not appeal,” dismissed the appeal. The case comes before us on an application for a mandamus to reinstate the appeal, and it is agreed by the parties “ that if the Court of Common Pleas might legally have sustained the appeal upon granting a rule that the said Henry Williams bo summoned and severed or without such rule, then a mandamus to be-ordered.”
If judgment in a personal action be rendered against two or more defendants, one of them, although the others refuse' to join, may bring a writ of error, The writ is sued out in> the names of all, and after its return and before the assignment of errors, a summons is issued to the others named as- *12 plaintiffs in error to shew cause why he who sues out the writ should not prosecute alone; and if they fail to shew cause an order is made that he be so permitted to prosecute, ■or as it is technically termed, there is a summons and sever■ance. 1 Archb. Pr. 210 and the cases there cited. This procedure has been held by this court applicable to writs of certiorari directed to courts for tlie trial of small causes, i Van Houten and Van Houten v. Ellison, Penn. Pep. 233. Cox v. Haines, ibid 687. Its application is equally required ■and warranted in cases of appeal. It is true, our statute authorizing the appeal does not in terms provide this pror cedure, nor is it provided in cases of certiorari; but in many respects it is necessary as well as proper to apply to their regulation, analogous common law rules. I am not aware that the process of summons has ever actually been used in this court or the court of appeals, and as in divers ■particulars on writs of error we effect, by the more easy ¡and convenient method of rules, what in the English courts is done by process, it is probable when occasion requires we ■should adopt the procedure by rule instead of summons. It ■is not necessary, however, to express any opinion on that •matter, as the parties have here agreed that if there may be a severance, a mandamus should issue.
For obvious reasons it would be vain to look into the English books for a precedent or a case in point. The very *10] question presented *to us has, however, been decided in the Supreme Court of Pennsylvania in the case of Gallagher and another v. Jackson, 1 Sergeant and Rawle, 492.
Let a mandamus be issued.